# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY GRACE MARIE MARAGLINO,<br><br>Plaintiff,<br><br>v.<br><br>J. ESPINOSA, et al.,<br><br>Defendants. | **1:20-cv-00825-AWI-GSA-PC**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE**<br>**(ECF No. 13.)**<br><br>**ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS ISSUED ON NOVEMBER 8, 2021**<br>**(ECF No. 12.)**<br><br>**ORDER GRANTING PLAINTIFF UNTIL JANUARY 4, 2022 TO FILE AN AMENDED COMPLAINT**<br><br>**DEADLINE:  JANUARY 4, 2022** |

**I.     BACKGROUND**

Dorothy Grace Marie Maraglino ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On June 15, 2020, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

On September 13, 2021, the court issued a screening order dismissing the Complaint for failure to state a claim with leave to file an amended complaint within thirty days.  (ECF No. 10.) The thirty-day time period expired and Plaintiff has failed to file an amended complaint or respond otherwise to the court's order.

On November 8, 2021, the court issued findings and recommendations, recommending that this case be dismissed for Plaintiff's failure to comply with the court's screening order. (ECF No. 12.) On November 18, 2021, Plaintiff filed objections to the findings and recommendations and a motion for appointment of counsel. (ECF No. 13.)

## II. PLAINTIFF'S OBJECTIONS

Plaintiff states that her lack of response to the court's screening order does not reflect disinterest in prosecuting the case. She reports that in September 2021, she had nightmares about the incident alleged in the Complaint and found it impossible to revisit the details of the events. Plaintiff requests the court not to dismiss this action.

The court finds good cause to grant Plaintiff an extension of time to file the amended complaint. However, Plaintiff is forewarned that she must comply with the court's orders and prosecute her case, or her case will be dismissed. In the future, if Plaintiff requires an extension of time, she is required to file a motion for extension of time *before* the deadline expires.

The court shall withdraw the findings and recommendations issued on November 8, 2021, and Plaintiff shall be granted until January 4, 2022, to file her First Amended Complaint.

## III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has requested court-appointed counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

///

The Court does not find the required exceptional circumstances in this case. At this early stage in the proceedings the court is unable to determine whether Plaintiff is likely to succeed on the merits. Plaintiff's Complaint was dismissed on September 13, 2021, for failure to state a claim, with leave to amend. To date, Plaintiff has not filed an amended complaint. Thus, there is no complaint on record in this case for which the Court has found cognizable claims. It is too early for service of process, and no other parties have yet appeared. Moreover, the Court is yet to determine whether Plaintiff can adequately articulate her claims. Thus, Plaintiff's motion for appointment of counsel is premature and therefore shall be denied. Plaintiff is advised that she is not precluded from renewing the motion for appointment of counsel at a later stage of the proceedings.

**IV.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel is denied, without prejudice;
2. The findings and recommendations issued on November 8, 2021, are withdrawn;
3. Plaintiff is granted until January 4, 2022, in which to file her First Amended Complaint, pursuant to the court's screening order of September 13, 2021; and
4. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed in its entirety.

IT IS SO ORDERED.

Dated:    **November 30, 2021**                    **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE