UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY GRACE MARIE MARAGLINO,<br><br>        Plaintiff,<br><br>    v.<br><br>J. ESPINOSA, et al.,<br><br>        Defendants. | No.  1:20-cv-00825 AWI GSA<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR RELIEF FROM FILING FEE<br><br>(ECF No. 23)<br><br>PLAINTIFF'S OBJECTIONS DUE **SEPTEMBER 3, 2024** |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action seeking relief under 42 U.S.C. § 1983 in June 2020.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  In April 2023, this case was closed.  ECF Nos. 21, 22 (order adopting; judgment, respectively).

Before this Court is Plaintiff's motion for relief from filing fee.  ECF No. 23.  For the reasons stated below the undersigned will recommend that the motion be denied.

I.    BACKGROUND

In June 2020, Plaintiff filed the instant action, and her application to proceed in forma pauperis was granted.  See ECF Nos. 1, 2, 6, 7 (complaint; in forma pauperis application; trust account statement, and order granting application, respectively).  In November 2022, the

1  undersigned recommended that the matter be dismissed with prejudice for failure to state a claim.
2  ECF No. 19.  In April 2023, the findings and recommendations were adopted by the District
3  Judge who was assigned to the matter at the time, and this case was closed.  ECF Nos. 21, 22
4  (order; judgment, respectively).

5  On August 14, 2024, the instant motion was docketed.[1]  ECF No. 23.  In it, Plaintiff states
6  that currently she has three different cases before the Court and that filing fees are being debited
7  from her trust account for each of them.  See id. at 1.  As a result, her work wages of $0.24 an
8  hour are being garnished at fifty-five percent.  Plaintiff argues that based on the deductions from
9  her account both for restitution and for fees, it will take her approximately thirty years to pay off
10 her debt.  Id.  Consequently, she requests the Court either release her from her debt obligation or
11 consolidate all debits from her account into a single line item.  Id.

12 II.   DISCUSSION

13 "The filing fee provisions of [28 U.S.C.] § 1915 were enacted to deter the large number of
14 frivolous inmate lawsuits that were clogging the federal courts and draining limited judicial
15 resources."  Belanus v. Clark, 796 F.3d 1021, 1028-29 (9th Cir. 2015) (brackets added) (internal
16 quotation marks omitted) (citation omitted); see Roller v. Gunn, 107 F.3d 227, 2230 (4th Cir.
17 1997) (stating Congress passed Prison Litigation Reform Act to create economic disincentives to
18 filing meritless claims).  It is intended to "mak[e] all prisoners seeking to bring lawsuits or
19 appeals feel the deterrent effect created by liability for filing fees."  Leonard v. Lacy, 88 F.3d
20 181, 185 (2nd Cir. 1996) (brackets added).  Furthermore, a prisoner's monthly filing fee
21 deductions are to be done *simultaneously* with payments in earlier-commenced cases.  See Bruce
22 v. Samuels, 577 U.S. 82, 87 (2016).  "[Section] 1915 no longer provides any authority for courts
23 to waive full payment of the filing fee required . . . or return any portion of the filing fee [a
24 prisoner] has already paid, after the civil action has been consolidated, settled, or dismissed for

---

[1] Plaintiff has filed identical motions in Maraglino v. Espinosa, No. 1:17-cv-01535 JLT BAM ("Espinosa") (see Espinosa, ECF No. 38) and in Maraglino v. State of California, No. 1:20-cv-00826 KES SAB ("State of California") (see State of California, ECF No. 18).  Both of these cases had been fully adjudicated and closed.

1  any reason." Soares v. Paramo, No. 3:13-cv-2971 BTM RBB, 2018 WL 5962728, at *2 (S.D.
2  Cal. Nov. 14, 2018) (brackets added) (collecting cases).

3      Plaintiff's motion must be denied.  There is no provision in the statute that permit the
4  Court either to release or reduce the debt Plaintiff has incurred due to filing fees.  Filing fees must
5  be deducted.  Additionally, Plaintiff has not shown that the debiting of filing fees violates her due
6  process rights.  See generally ECF No. 23.  As for Plaintiff's request that the fees be consolidated
7  under one line item, once again, there is no provision in Section 1915 that permits this.  See
8  generally 28 U.S.C. § 1915.

9      Thus, the undersigned will recommend that Plaintiff's motion for relief from the filing fee
10 in this case be denied.

11     Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a
12 new District Judge to this matter.[2]

13     IT IS FURTHER RECOMMENDED that Plaintiff's motion for relief from filing fee
14 (ECF No. 23) be DENIED.  See 28 U.S.C. §§ 1914(a), 1915(a)(1)-(2), (b).

15     These findings and recommendations are submitted to the United States District Judge
16 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
17 after being served with these findings and recommendations – **by September 3, 2024,[3]** – Plaintiff
18 may file written objections with the Court.  Such a document should be captioned "Objections to
19 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
20 objections within the specified time may waive the right to appeal the District Court's order.
21 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22     **Plaintiff is informed that upon the resolution of this motion this matter will, once**
23 **again, be closed.**

24
25 IT IS SO ORDERED.
26

---

27 [2] The District Judge who was previously assigned to this matter has retired from the bench.
28 [3] September 3, 2024, is the due date because September 2, 2024, is Labor Day, a federal holiday. See Fed. R. Civ. P. 6(a)(1)(C), (6)(A).

Dated: **August 19, 2024**              **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE